IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIA T. WATKINS,                              *
               Plaintiff,
       v.                                       *  CIVIL ACTION NO. JFM-07-1162

RICHARD FRAGALA, et al.,                      *
               Defendants.
                                          ***

**MEMORANDUM**

On May 3, 2007, Plaintiff, Elia T. Watkins, a court committed patient currently housed at the Clifton T. Perkins Hospital Center, a State psychiatric hospital, filed the instant complaint, alleging that in 1999 he was unjustifiably moved from a minimum security open ward to a medium security ward. He also alleges that Defendant Dr. Daramrz Mohtari lied under oath at plaintiff's release hearing held in 2002, and prohibited plaintiff from meeting with other patients to discuss the Bible in August of 2001. *Id.* The gravamen of plaintiff's complaint, however, is that defendants failed to protect him while he was housed in the maximum security ward from December of 2001 to May of 2006. Plaintiff states that during this time he was placed into seclusion illegally on seventeen occasion, assaulted on six occasions by other patients, and twice assaulted by Perkins' staff. *Id.*

Pending is a motion to dismiss filed by defendants, who maintain the complaint is time-barred and also barred by the doctrine of res judicata. Paper No. 9. Plaintiff has filed an opposition.[1] Paper Nos. 11 and 15. No hearing is necessary. *See* Local Rule 105.6. (D. Md. 2004). For the

---

[1] Plaintiff's oppositions are entitled "Motion to Proceed Under Stare Decisis" and "Motion in Support to Proceed Under Forma Pauperis to Stare Decisis." The motions have been considered by the court as oppositions to the motion to dismiss.

reasons stated below, the motion to dismiss shall be denied without prejudice and counsel shall be appointed to represent plaintiff.

I.      Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

II.     Analysis

Defendants maintain that plaintiff's claims are time-barred. Defendants are correct that while there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, (1985); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). As such, Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. While plaintiff has complained of specific events occurring in 1999 and 2001, the crux of his complaint appears to be an ongoing and continuing failure to protect him and a claim that his right to practice his religion continues to be impaired. Given plaintiff's mental health problems, the court cannot say on the record before it

whether all of plaintiff's claims are time-barred and, if so, whether the claims may be subject to equitably tolled due to plaintiff's mental health status and/or his being placed into seclusion.

Defendants also contend that plaintiff's claims are barred by the doctrine of res judicata. In support of their defense they have attached an order entered by the Honorable Dennis M. Sweeney, Judge Circuit Court for Howard County, Maryland. While principles of res judicata and collateral estoppel apply to § 1983 actions, *Allen v. McCurry*, 449 U.S. 90, 105 (1980), in the instant case this court shall not be bound by the state court's finding. Federal courts must give state judgments the same effect as would the courts of the judgment state. *See Haring v. Prosise*, 462 U.S. 306, 313 (1983). Collateral estoppel applies under Maryland law if the issue decided in the prior adjudication is identical to the issue in the present action, there was a prior final judgment on the merits, the party against whom the decision is being used was a party to the prior action, and the party against whom the estoppel is asserted was given a fair opportunity to litigate and appeal the issue. *See Caldor, Inc. v. Bowden,* 625 A.2d 959, 970 (Md. 1993). Res judicata applies under Maryland law when there has been a final judgment on the merits, there exits identity of parties or privies, and the causes of action in successive suits are the same. *See Snell v. Mayor of Havre de Grace*, 837 F.2d 173, 177 (4th Cir. 1988). The order provided does not explicate the basis of the case filed by plaintiff in state court, but rather simply states that plaintiff's request for waiver of filing fees is denied and that plaintiff's claims are found to be frivolous under the Maryland Rules.[2] Based on the scant record and plaintiff's mental health status, this court is without sufficient information to determine whether plaintiff's complaint is barred by res judicata.

---

[2]The court is mindful that plaintiff states in his original complaint that he attempted to bring the issues presented to this court before the state circuit court. Nonetheless, this court has not been provided any specific information about that filing. Moreover, the dismissal of plaintiff's state court complaint appears to be premised on state procedural rules.

III.     Conclusion

      For the aforementioned reasons, the motion to dismiss shall be denied without prejudice. Furthermore, counsel shall be appointed for plaintiff.


Date: October 4, 2007                      /s/_____
                                                J. Frederick Motz
                                                United States District Judge